UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ASHLEY RAMOS,

                              Plaintiff,

                  -against-

CITY OF NEW YORK; Police Officer HUGO HUGASIAN, Shield No. 10228; Police Officer WILLIAM HAYES, Shield No. 26373; Police Officer TIANA ALEXANDER, Shield No. 1093; Police Officer STEVEN NIEVES, Shield No. 23976; Police Officer BILLY CEPEDA, Shield No. 30603; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

14 CV 2373 (PKC) (VVP)

## NATURE OF THE ACTION

1.      This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

1

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Ashley Ramos ("plaintiff" or "Ms. Ramos") is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Police Officer Hugo Hugasian, Shield No. 10228 ("Hugasian"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Hugasian is sued in his individual and official capacities.

10. Defendant Police Officer William Hayes, Shield No. 26373 ("Hayes"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Hayes is sued in his individual and official capacities.

11. Defendant Police Officer Tiana Alexander, Shield No. 1093 ("Alexander"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Alexander is sued in his individual and official capacities.

12. Defendant Police Officer Steven Nieves, Shield No. 23976 ("Nieves"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Nieves is sued in his individual and official capacities.

13. Defendant Police Officer Billy Cepeda, Shield No. 30603 ("Cepeda"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Cepeda is sued in his individual and official capacities.

14. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

15. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

16. At all times relevant herein, all individual defendants were acting under color of state law.

## **STATEMENT OF FACTS**

17. At approximately 9:15 p.m. on July 21, 2012, Ms. Ramos was lawfully walking to her home at 1506 DeKalb Avenue in Brooklyn, New York.

18. For reasons unknown to Ms. Ramos, defendants were outside of plaintiff's home as she walked toward the front of her house.

19. Suddenly and without warning, a defendant officer grabbed Ms. Ramos from behind as she stood outside her house and violently pushed her head and neck in a downward direction, causing Ms. Ramos severe pain and to lose her breath.

20. A defendant officer then punched her squarely in her face.

21. Defendants ultimately left the scene and Ms. Ramos, injured and in pain, went to Wykoff Heights Medical Center for treatment.

22. Healthcare providers from Wykoff Hospital were treating Ms. Ramos when defendants appeared, and without probable cause or arguable probable cause to believe she had committed any crime, arrested Ms. Ramos.

23. Ms. Ramos was taken to the 83rd Precinct.

24. In excruciating pain, Ms. Ramos asked to be taken back to Wykoff Hospital and defendants refused.

25. EMS eventually arrived and Ms. Ramos was taken to Woodhull Medical Center where she was treated, including being prescribed a neck brace and pain medication.

26. Ms. Ramos was eventually taken back to the 83rd Precinct.

27. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff commit the crimes of assault, obstructing governmental administration and attempted assault, and prepared false paperwork including an arrest report.

28. At no point did the officers observe Ms. Ramos commit a crime.

29. Ms. Ramos was eventually taken to Brooklyn Central Booking.

30. On July 23, 2012, Ms. Ramos was arraigned in Kings County Criminal Court and released on her own recognizance after approximately thirty-six hours in custody.

31. Upon her release, Ms. Ramos, who continued to be in pain, returned to Wykoff Hospital for further treatment.

32. Ms. Ramos was prosecuted for nearly two years before all of the charges levied against her were dismissed in their entirety.

33. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

34. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

35. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

36. Ms. Ramos suffered damage as a result of defendants' actions. She was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to her reputation.

## FIRST CLAIM
### Unlawful Stop and Search

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

39. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

42. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

45. Plaintiff was conscious of her confinement.

46. Plaintiff did not consent to her confinement.

47. Plaintiff's confinement was not otherwise privileged.

48. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

49. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Malicious Prosecution

50. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff under 42 U.S.C. § 1983 for the violation of her

constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

52. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of her constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

53. As a direct and proximate result of defendants' unlawful actions, plaintiff suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FIFTH CLAIM
### Unreasonable Force

54. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

55. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

56. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### State Law Assault and Battery

57. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

58. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered her.

59. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

60. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SEVENTH CLAIM
### Denial Of Constitutional Right To Fair Trial

61. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

62. The individual defendants created false evidence against plaintiff.

63. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

64. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional

right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

65.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Negligent Hiring, Training and Retention

66.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

67.     Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

68.     Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

69.     Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

70. Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

71. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## NINTH CLAIM
### Negligent Infliction of Emotional Distress

72. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

73. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

74. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

75. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff.

11

Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

76. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### Deliberate Indifference to Medical Needs

77. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

78. The individual defendants were aware of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

79. Accordingly, defendants violated the fourteenth amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

80. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CLAIM
### Failure To Intervene

81. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

82. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent

such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

83. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

84. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED: November 17, 2014
New York, New York

HARVIS WRIGHT & FETT LLP

_____
Baree N. Fett
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
bfett@hwandf.com

*Attorneys for plaintiff*